The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: June 12, 2023

**No. A-1-CA-40049**

**ASHLEY IMMING f/k/a ASHLEY CORBUS,**

      Plaintiff-Appellant,

v.

**OSVALDO DE LA VEGA and SOUTHWEST HEALTH SERVICES, P.A.,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

The Furth Law Firm, P.A.
Ben Furth
Paul Hibner
Las Cruces, NM

Dixon Scholl Carrillo, P.A.
Steven S. Scholl
Albuquerque, NM

for Appellant

Cervantes Law Firm, P.C.
Joseph Cervantes
Las Cruces, NM

L. Helen Bennett

Albuquerque, NM

for Appellees

**OPINION**

**DUFFY, Judge**

{1}     Plaintiff Ashley Imming obtained a judgment against Defendants Osvaldo De La Vega and Southwest Health Services P.A. in the amount of $867,971.07. Plaintiff made several unsuccessful attempts to collect the judgment before filing a motion to pierce the corporate veil of Mesilla Capital Investments, LLC, (MCI). In her motion, Plaintiff alleged that MCI was the alter ego of Defendant De La Vega and that "reverse piercing" was appropriate because Defendant De La Vega had transferred his personal assets to MCI at some point after trial in order to avoid paying the judgment. MCI was not a party to the underlying proceedings. The district court denied Plaintiff's motion, observing that Plaintiff was attempting to assert a new cause of action against a nonparty and concluding that it lacked jurisdiction to entertain Plaintiff's request. Because MCI was not made a party to the proceedings, we affirm.

**BACKGROUND**

{2}     A jury returned a verdict in favor of Plaintiff on a claim for retaliation under the New Mexico Human Rights Act, NMSA 1978, Section 28-1-7 (2004, amended 2020). The jury awarded Plaintiff $250,000 in compensatory damages and the district court awarded an additional $617,971.01 in attorney fees and costs. After the final judgment was entered, both parties appealed. *See Imming v. De La Vega*, A-1-

CA-39116, mem. op. (N.M. Ct. App. Feb. 1, 2023) (nonprecedential). Defendants did not post a supersedeas bond and Plaintiff proceeded to attempt to collect the judgment.

{3}     Plaintiff filed multiple writs of execution and writs of garnishment but was unable to obtain satisfaction. Approximately nine months after judgment was entered, Plaintiff filed a motion to pierce the corporate veil of MCI. Plaintiff claimed that Defendant De La Vega transferred his assets to MCI to shield himself from judgment. Plaintiff's motion asserted that Defendant De La Vega had answered discovery as to his net worth and stipulated to that value during trial, but "now claims he is destitute and has no money or assets to pay the Judgment or post a bond," thus implying the transfer occurred after trial.

{4}     The district court denied Plaintiff's request to pierce the corporate veil of MCI, reasoning that Plaintiff was by motion attempting to assert a new claim against a new party and the court lacked jurisdiction over the matter. Plaintiff appeals.

**DISCUSSION**

{5}     Plaintiff argues that the district court erred in denying her motion to pierce the corporate veil of MCI. At the outset, we note that even though Plaintiff styles her request as one to pierce the corporate veil, she is actually seeking "outside reverse veil piercing," which "occurs when a claimant seeks to disregard the separate existence of a corporation and obtain the assets of the entity due to the actions of a

2

dominant shareholder or other corporate insider." *In re Phillips*, 139 P.3d 639, 641 (Colo. 2006). New Mexico courts have not squarely addressed whether reverse veil piercing is permitted under New Mexico law and under what circumstances. *See* Laura Spitz, *The Case for Outside Reverse Veil Piercing in New Mexico*, 51 N.M. L. Rev. 349, 352 (2021) ("The New Mexico Supreme Court has not explicitly considered reverse veil piercing, although it has applied the doctrine without naming it." (footnote omitted)). That issue is not before us today, however; the matter was decided below on preliminary issues of jurisdiction and procedure stemming from Plaintiff's attempt to obtain equitable relief after trial, via a motion, from an entity that had not been named in the lawsuit. *See Scott v. AZL Res., Inc.*, 1988-NMSC-028, ¶ 7, 107 N.M. 118, 753 P.2d 897 (stating that "piercing the corporate veil is an equitable remedy"); *see also In re Phillips*, 139 P.3d at 645 ("Both types of piercing strive to achieve an equitable result."). These are the issues presented in this appeal.

{6}     We initially affirm the district court's conclusion that it had no jurisdiction over MCI. As Defendants note, at no time before or after trial did Plaintiff join MCI as a party or serve MCI with process. It is well established that joinder and "[p]roper service of process [are] required before a court can exercise jurisdiction over a defendant and render a binding judgment." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58, 193 P.3d 605.

3

{7} Plaintiff asserts that MCI was functionally before the court throughout the entire litigation because its alter ego, Defendant De La Vega, was a named defendant. In support, Plaintiff relies on *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391-92 (4th Cir. 2018), where the Fourth Circuit concluded that "an LLC that is the alter ego of its sole member is properly before the court when the court has jurisdiction over that member," even if the LLC was not served with process. This does not appear to be a widely accepted view; we have been unable to locate a single other case that has concluded similarly. We accordingly remain dubious of the proposition that a court may exercise personal jurisdiction over a nonparty. *See Ortiz*, 2008-NMCA-136, ¶ 17 (stating that "[f]ailure to serve a party with process . . . generally means that the court has no power over that party and cannot render a judgment binding that party" (alterations, omission, internal quotation marks, and citation omitted)); *State ex rel. McGill v. Bassett*, 2023-NMCA-033, ¶ 18, 528 P.3d 739 ("New Mexico has long held that actual knowledge of a lawsuit is not a substitute for service of process.").

{8} Regardless, *Sky Cable, LLC* does not assist Plaintiff in this case for the simple reason that no court has yet determined that MCI is, in fact, the alter ego of Defendant De La Vega. *Cf. Sky Cable, LLC*, 886 F.3d at 389-91 (reviewing the district court's factual findings in support of its conclusion that the defendant and his LLCs were alter egos). Appearing to recognize this problem, Plaintiff devotes a

4

significant portion of her appellate briefing to the merits of her veil-piercing argument and asks this Court to make the alter ego determination in the first instance. This we cannot do. "[A] court's conclusion that an LLC is an alter ego of its member depends largely on the resolution of questions of fact." *Sky Cable, LLC*, 886 F.3d at 389 (internal quotation marks and citation omitted). "It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355.

{9}     Plaintiff also argues that it was not possible to name MCI in the underlying litigation because the asset transfer occurred after trial. Even so, the question presented is not whether Plaintiff could have brought MCI in before trial, but rather, how to bring MCI into court now, after judgment has been entered. Because very little has been written about the procedure for asserting an alter ego claim, particularly under circumstances where the basis for doing so arises after trial, we asked the parties for supplemental briefing on this issue. *See* Gay Macarol, *Veil Piercing and Fraudulent Transfer Avoidance in Supplemental Proceedings: How Expanding Statutory Remedies and Enforcement Jurisdiction Can Promote Judicial Economy and Facilitate Judgment Collection*, 50 J. Marshall L. Rev. 279 (2017). In response, Plaintiff acknowledged that she could bring an independent action against MCI. As for whether MCI could be joined in *this case*, it may be possible to bring MCI in through supplemental proceedings, *see, e.g.*, Rule 1-015(D) NMRA, though

5

New Mexico courts have not expressly addressed or explored the scope of a district court's supplemental jurisdiction to enforce a judgment. *See Prudential Ins. Co. of Am. v. Anaya*, 1967-NMSC-132, ¶ 39, 78 N.M. 101, 428 P.2d 640 ("The trial court has a duty to give effect to its judgment. The trial court had jurisdiction to enforce its unsuperseded judgment." (citation omitted)); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1509 (2023) ("The district court has discretion to hear a motion to file a supplemental pleading at any time during which the action is before it. Indeed, supplemental pleadings have been allowed after a trial has concluded." (footnote omitted)); 6A Wright et al., *supra*, § 1507 (recognizing that "a supplemental pleading may seek to bring in additional parties plaintiff or defendant"); *Atchison, T. & S. F. Ry. Co. v. Citizens' Traction & Power Co.*, 1919-NMSC-031, ¶¶ 16-17, 25 N.M. 345, 182 P. 871 (stating that a party may request different relief in a supplemental pleading). The parties' supplemental briefs did not engage with this question, and we decline to go down the road of exploration in the absence of briefing from the parties. *See N.M. Dep't of Hum. Servs. v. Tapia*, 1982-NMSC-033, ¶ 11, 97 N.M. 632, 642 P.2d 1091 ("Courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions."). Ultimately, we are satisfied for purposes of this appeal that there is at least one procedural vehicle available to name and serve MCI.

{10} In support of the post-judgment procedure attempted here, Plaintiff cites to a California case in which a judgment creditor was permitted to amend a Kansas judgment by motion to add an alter ego as a judgment debtor. *See Blizzard Energy, Inc. v. Schaefers*, 286 Cal. Rptr. 3d 658, 669 (Ct. App. 2021) ("This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." (internal quotation marks and citation omitted)). While *Blizzard* is distinguishable for a number of reasons, the most significant distinction for our purposes is that the procedure employed in *Blizzard* was specifically authorized under a well-developed body of statutory and common law authority. *See id.* Plaintiff has offered no argument as to how or under what authority a similar procedure could be employed to enforce a domestic judgment in New Mexico.

{11} In sum, Plaintiff was required to join MCI in order to pierce its corporate veil. The timing of the alleged asset transfer in this case does not provide a basis for excusing joinder and service of process and did not preclude Plaintiff from bringing MCI into court—even after trial. Because Plaintiff did not join and serve MCI in this case, the district court correctly determined that it lacked jurisdiction to pierce the corporate veil of a nonparty. We affirm the district court's denial of Plaintiff's motion.

**CONCLUSION**

{12}    For the foregoing reasons, we affirm the district court's denial of Plaintiff's motion to pierce the corporate veil.

{13}    **IT IS SO ORDERED.**

_____

                                **MEGAN P. DUFFY, Judge**

**WE CONCUR:**

_____

**KRISTINA BOGARDUS, Judge**

_____

**JACQUELINE R. MEDINA, Judge**