738 P.2d 519

**David ABARCA, Plaintiff-Appellee,**

v.

**HENRY L. HANSON, INC., and A & M Farm Ranch Supply, Defendants-Appellants.**

**No. 8787.**

Court of Appeals of New Mexico.

May 14, 1987.

Certiorari Denied June 17, 1987.

W.H. Greig, Van Soelen, Greig & Gutierrez, Clovis, Randy Knudson Doerr & Knudson, P.A., Portales, for plaintiff-appellee.

Thomas L. Marek, Marek & Yarbro, P.A., Carlsbad, for defendant-appellant Henry L. Hanson, Inc.

**OPINION**

GARCIA, Judge.

We granted plaintiff's motion for rehearing to consider the issue of whether a general entry of appearance will cure improper service of process. We withdraw our opinion filed April 7, 1987 and substitute the following.

Defendant Henry L. Hanson, Inc., appeals the trial court's denial of its motion to set aside a default judgment rendered against it. While defendant raises three issues on appeal, we need only address the first issue: whether the secretary of state's failure to give defendant notice of the products liability suit against it under NMSA 1978, Section 38-1-6, resulting in a default judgment, constitutes a denial of due process. We hold that it does and reverse.

Plaintiff brought this products liability suit against defendants, claiming personal injuries and damages. Defendant, A & M Farm Ranch Supply, a New Mexico corporation, was served with process through its registered agent and timely filed an answer. Defendant Henry L. Hanson, Inc., a foreign corporation with its corporate headquarters in Worchester, Massachusetts, has no registered agent for service of process in New Mexico. Plaintiff attempted service on this defendant by serving the secretary of state, pursuant to Section 38-1-6(C); however, the secretary of state never forwarded a copy of the process or otherwise notified defendant Henry L. Hanson, Inc. of the service of process as required by that statute. After entry of default judgment, defendant Henry L. Hanson, Inc., entered its general appearance and moved to set aside the default. The appeal is from the denial of that motion.

It is clear from the record that the secretary of state failed to give defendant Henry L. Hanson, Inc. notice of the lawsuit. "It is a fundamental due process requirement that summons be served in a manner reasonably calculated to bring the proceedings to the defendant's attention." *Moya v. Catholic Archdiocese of N.M.*, 92 N.M. 278, 279-80, 587 P.2d 425, 426-27 (1978). In *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court concluded that the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. "[W]hen notice is a person's due, process which is a mere gesture is not due process." *Id.* at 315, 70 S.Ct. at 657. *See also Rodriguez v. Conant*, 105 N.M. 746, 737 P.2d 527 (1987).

Plaintiff counters defendant's argument, citing the case of *Silva v. Crombie & Co.*, 39 N.M. 240, 44 P.2d 719 (1935). There, relying on Comp.St. 1929, Section 32–150 (now codified as NMSA 1978, Section 38–1–5), the court held that even though it was conclusively shown that the secretary of state did not mail a copy of the complaint and summons to defendant, defendant was not denied due process. However, the case before us involves Section 38–1–6. Section 38–1–5 is directed to foreign corporations that have actively transacted business in this state and designated an agent for process and then failed to name a successor after the designated agent dies, resigns or removes himself from the state. In that situation, Section 38–1–5 expressly provides that service on the secretary of state shall be as effective as if made upon an officer of the corporation. In *Silva*, the court noted that it was incumbent upon the foreign corporation to appoint an agent upon whom process might be served and that if the corporation failed to comply with the terms of the statute in this regard, it could not complain that the service provided for in lieu of the appointment of an agent was insufficient to give it notice.

Unlike the statute involved in *Silva*, Section 38–1–6 addresses situations where the foreign corporation has *never* appointed an agent. The *Silva* case is thus not applicable to the situation here.

In addition, SCRA 1986, 1–004(F)(2) describes how process shall be served on foreign corporations and provides numerous safeguards to assure notice. Since service of process is procedural rather than substantive, *see* Rule 1–004(L), the supreme court rule controls. *See Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976).

Rule 1–004(F)(2) requires that service be made to an authorized agent or to the principal office or place of business of the corporation in question. Through the secretary of state's inadvertence, this was not done. Plaintiff ought not profit from the secretary of state's failure.

█ Plaintiff urges that under *Grant v. Booker*, 31 N.M. 639, 249 P. 1013 (1926), *Crowell v. Kopp*, 26 N.M. 146, 189 P. 652 (1919) and *Fowler v. Continental Casualty Co.*, 17 N.M. 188, 124 P. 479 (1912), we must affirm the trial court's refusal to set aside the default judgment because the general appearance entered by defendant validates the judgment as to all defects in the service of the summons. We are not persuaded by these cases. With the supreme court's adoption of the fundamental due process considerations mandated by *Mullane*, we believe these cases have been overruled sub silentio. *See, e.g., Moya v. Catholic Archiocese of N.M.* Due process requirements would appear to supersede any claim of waiver. *See Mullane v. Central Hanover Bank & Trust Co.; Moya v. Catholic Archdiocese of N.M.* We cannot at once mandate that fundamental due process requires service "reasonably calculated" to give parties notice, and then allow the lack of such notice to be cured by an entry of a general appearance. Doing so defies logic and common sense. *Cf. Wells v. County of Valencia*, 98 N.M. 3, 644 P.2d 517 (1982). While entry of a general appearance might cure defective process *prior* to entry of a default judgment, that is not the case here.

Because defendant was denied due process, it is clear that the denial of its motion to set aside the default judgment was in error. We reverse and remand for a trial on the merits.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.