2008-NMCA-136

193 P.3d 605

**Pamela and Samuel ORTIZ, as parents and next friends of Sierra Ortiz, a minor child, Plaintiffs–Appellees,**

v.

**Rachelle SHAW, D.D.S., individually, and d/b/a Rachelle Shaw, D.D.S., P.C., Defendants–Appellants.**

No. 27,110.

Court of Appeals of New Mexico.

Aug. 21, 2008.

Aguilar Law Offices, P.C., Esteban A. Aguilar, Jr., Albuquerque, NM, Law Offices of Elizabeth Losee, Elizabeth Losee, Corrales, NM, for Appellees.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Edward Ricco, Jocelyn Drennan, Albuquerque, NM, Kennedy, Moulton & Wells, P.C., Deborah D. Wells, Albuquerque, NM, for Appellants.

## OPINION

ALARID, Judge.

{1} The opinion filed June 18, 2008, is hereby withdrawn and replaced with the following opinion. The motion for rehearing is hereby denied.

{2} Dr. Rachelle Shaw (Defendant) appeals the district court's denial of her motion to set aside a default judgment against her in a malpractice action. After entering the default judgment as to liability, the district court held a trial on the sole issue of damages. Because Defendant was never properly served under the applicable rules governing service, we reverse the district court's denial of Defendant's motion to set aside the default judgment and remand. Because we reverse on this issue, we do not reach Defendant's argument that the district court improperly excluded evidence at the damages phase of the trial.

## FACTUAL AND PROCEDURAL BACKGROUND

{3} Pamela and Samuel Ortiz (Plaintiffs) sued Defendant for personal injury to their minor daughter, Sierra, following a dental procedure. In April 2002, before Plaintiffs filed suit, their then counsel, William Waggoner, called Defendant's husband, Attorney Daniel Faber, to discuss Plaintiffs' claims against Defendant. Faber sent Waggoner a fax indicating that Waggoner should outline the claims in a letter to which Faber would respond. Waggoner sent a letter directly to Defendant, and Faber responded by letter denying the merits of Plaintiffs' claim and declining to discuss settlement further.

{4} Plaintiffs filed their complaint against Defendant on December 10, 2002, and amended it three days later. On December 13, 2002, Waggoner wrote a letter to Faber stating that he had filed a complaint on Plaintiffs' behalf. A copy of the complaint was enclosed with the letter. In the letter, Waggoner asked Faber to notify him if he was not authorized to accept service of process on behalf of Defendant or to execute and return the acceptance of service, which was apparently enclosed with the letter. Faber

responded by letter on December 17, 2002, and stated that he would not accept service on Defendant's behalf.

{5} On January 3, 2003, Waggoner's process server hand delivered the amended complaint to Dr. Colin Shaw's receptionist, whose office is at the same address as Defendant's but in a different suite. The return of service was filed on January 10, 2003, and stated that process was served by posting a copy of the summons in the most public part of Defendant's business. The return of service does not indicate that process was mailed to Defendant or to anyone else. On January 22, 2003, Faber wrote to Waggoner, informing him that he was aware that suit had been filed against Defendant, but that Dr. Shaw had not been properly served, because the summons and complaint were handed to Dr. Colin Shaw's receptionist. Faber stated in the letter that, while the address for Dr. Colin Shaw and Defendant was the same, they did not share the same office suite. Faber also stated that Defendant was willing to waive the defects in service in exchange for a thirty-day extension in which to file an answer to the complaint in order to allow time for Defendant's insurance carriers to determine coverage.

{6} Waggoner responded by letter on January 24, 2003, and stated that his clients would not agree to a thirty-day extension. Waggoner suggested that Defendant and her insurance carrier determine coverage and file an answer forthwith. Faber responded to Waggoner on February 24, 2003, thanking him for allowing Defendant time to determine insurance coverage and stating that Defendant's insurance carrier would make a decision regarding coverage shortly. Faber also suggested that Plaintiffs amend their complaint to name Defendant's professional corporation as a defendant. On February 25, 2003, Waggoner mailed Faber a copy of the amended complaint. Also enclosed was an acceptance of service form, which Waggoner asked Faber to ask Defendant to sign. Two days later, Waggoner filed a second amended complaint which added Defendant's professional corporation as a named defendant.

{7} Nothing further transpired until April 22, 2003, when Plaintiffs filed their motion for default judgment. Accompanying the motion was the January 10, 2003, return of service stating that process had been posted at Defendant's business on January 3, 2003. Plaintiffs also filed a certificate stating that the amended complaint was mailed to Faber by Waggoner on February 25, 2003, and a certificate as to the state of the record stating the same information. The record also contains a clerk's certificate as to the state of the record indicating that a complaint had been filed and that no answer or other pleading had been filed in his office or of record. On April 25, 2003, the district court granted the motion and entered default judgment against Defendant.

{8} On May 5, 2003, Defendant filed an answer and a counterclaim, and the next day filed a motion to set aside default judgment. In the motion to set aside default judgment, Defendant argued that she had never been properly served under the applicable service rules and that default judgment was improper in the absence of proper service of process. The motion also referenced Defendant's answer and alleged that it set out the existence of a meritorious defense. Plaintiffs responded that service was proper, that Defendant agreed to waive any defect in service in exchange for an extension, and that Defendant had actual knowledge of the lawsuit.

{9} The district court denied the motion to set aside the default judgment. The court made no findings of fact. However, at the hearing on the motion to set aside default judgment, the court stated:

> I think what is of concern to me is the position that Dr. Shaw is in, and her husband having engaged in all of these negotiations. You know, that puts her in a different position, and I'm going to uphold the default judgment on liability. I agree with Mr. Waggoner that, you know, I think there were several times that [an answer] probably should have been filed.

Defendant then filed a third-party complaint against her insurers. The case was tried to a jury on the sole issue of damages. The jury returned a verdict awarding Plaintiffs $90,000 in compensatory damages and $130,000 in punitive damages.

## DISCUSSION

### 1. Timeliness of Notice of Appeal

■ {10} Plaintiffs filed a timely motion under Rule 1–059(E) NMRA (2006) to modify the judgment to include pre-judgment interest on June 30, 2006. The district court's order disposing of the motion was filed on September 14, 2006, and Defendant filed her notice of appeal on September 25, 2006. In our Calendar Notice, we directed the parties to brief whether the appeal was timely, specifically addressing the applicability of NMSA 1978, § 39–1–1 (1917); *City of Santa Fe v. Komis*, 114 N.M. 659, 667–68, 845 P.2d 753, 761–62 (1992); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 243–44, 824 P.2d 1033, 1045–46 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993); and the interplay between Section 39–1–1 and former Rule 1–059. We raised this issue on our own motion to determine whether the automatic denial provision of Section 39–1–1 and former Rule 1–059(D) applied to Plaintiffs' Rule 1–059(E) motion to modify the judgment. *See* § 39–1–1 (stating that motions directed against a final judgment filed within thirty days of entry of judgment shall be deemed denied if not acted upon within thirty days); Rule 1–059(D) ("If a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied."). If the automatic denial provisions applied, then Defendant's notice of appeal would be untimely because it was filed more than thirty days after the automatic denial provisions would have operated to deny Plaintiffs' motion. *See* Rule 12–201(A)(2) NMRA (stating that the notice of appeal shall be filed within thirty days of filing of the judgment or order appealed from); Rule 12–201(D) (stating that where a party files a timely motion under Rule 1–059, the time for filing an appeal commences from entry of an order expressly disposing of the motion or the date of automatic denial of the motion, whichever occurs first).

{11} However, after we assigned this case to the General Calendar, our Supreme Court issued its opinion in *Albuquerque Redi–Mix, Inc. v. Scottsdale Insurance Co.*, 2007–NMSC–051, 142 N.M. 527, 168 P.3d 99. In *Albuquerque Redi–Mix*, the Court clarified that the automatic denial provisions of former Rule 1–059(D) and Section 39–1–1 do not apply to motions made under Rule 1–059(E). *Albuquerque Redi–Mix, Inc.*, 2007–NMSC–051, ¶¶ 12–13, 142 N.M. 527, 168 P.3d 99. Accordingly, Defendant's notice of appeal was timely because it was filed within thirty days after entry of the district court's order disposing of Plaintiffs' Rule 1–059(E) motion. We now proceed to the merits of the appeal.

### 2. Standard of Review

■ {12} We review the district court's denial of a motion to set aside a default judgment for abuse of discretion. *See Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006–NMCA–027, ¶ 12, 139 N.M. 288, 131 P.3d 675. "In exercising discretion to set aside a default judgment, courts should bear in mind that default judgments are not favored and that, generally, causes should be tried upon their merits." *Springer Corp. v. Herrera*, 85 N.M. 201, 202, 510 P.2d 1072, 1073 (1973), *overruled on other grounds by Sunwest Bank of Albuquerque v. Roderiguez*, 108 N.M. 211, 214, 770 P.2d 533, 536 (1989); *see Franco v. Fed. Bldg. Serv., Inc.*, 98 N.M. 333, 334, 648 P.2d 791, 792 (1982) (stating that, although the granting of a default judgment rests within the sound discretion of the trial court, defaults are not favored and cases should be tried on their merits). Because trial on the merits is preferred, only "a slight abuse of discretion is sufficient to justify reversal." *DeFillippo v. Neil*, 2002–NMCA–085, ¶ 25, 132 N.M. 529, 51 P.3d 1183.

{13} Defendant argues that the district court abused its discretion in refusing to set aside the default judgment because she was never properly served under the rules governing service of process. Defendant argues that Plaintiffs failed to properly serve either her as an individual or her professional corporation because: (1) Plaintiffs attempted to post service at her business rather than her residence, and in fact posted service at the business of Dr. Colin Shaw, and (2) Plaintiffs failed to mail service of process to her residence, instead mailing a copy of the amended complaint to her husband, who had indicated

that he would not accept service, at his business address. Plaintiffs responded that Defendant agreed to waive service and that there was no good cause shown for her failure to file an answer prior to May 5, 2003. Plaintiffs also argue that Defendant waived a defense of insufficiency of service as a matter of law by entering a general appearance, by waiver of the defense under Rule 1–012(H) NMRA, and by seeking affirmative relief from the district court following entry of the default judgment. We address each argument in turn.

### 3. Service of Process

{14} Defendant's motion to set aside default judgment was made pursuant to Rule 1–055(C) NMRA. Under this rule, "[g]enerally, before a trial court will set aside an entry of default, the defendant must demonstrate that there was 'good cause' for failing to answer, as well as the existence of a meritorious defense." *DeFillippo*, 2002–NMCA–085, ¶ 24, 132 N.M. 529, 51 P.3d 1183; *see* Rule 1–055(C). "There must also not be any intervening equities that would render setting aside of the default inequitable." *DeFillippo*, 2002–NMCA–085, ¶ 24, 132 N.M. 529, 51 P.3d 1183. Defendant argues that good cause exists to set aside the default judgment because she was never properly served. In their motion for default judgment, Plaintiffs relied on documents asserting that Defendant was served with process by posting the summons and amended complaint in the most public part of her business by a process server on January 3, 2003, and by mailing the amended complaint to Faber at his business address.

{15} Plaintiffs attempted to serve their amended complaint on Defendant in January 2003. Under the procedural rule applicable at the time, service of process could be accomplished on an individual by

(1) ... delivering a copy of the summons and of the complaint to the individual personally; or if the individual refuses to receive such, by leaving same at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service. If the

individual is absent, service may be made by delivering a copy of the process or other papers to be served to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years; and if there is no such person willing or able to accept delivery, then service may be made by posting such copies in the most public part of defendant's premises, and by mailing to the defendant at the defendant's last known mailing address copies of the process.

Rule 1–004(F)(1) NMRA (2005).

{16} We agree with Defendant that Plaintiffs did not properly serve her under this rule. Plaintiffs did not attempt to deliver a copy of the summons and complaint to Defendant personally. They then had the option of either delivering copies of the summons and complaint to Defendant's usual place of abode or posting copies of the summons and complaint in the most public part of her premises *and* mailing them to her last known mailing address. The record below indicates that Plaintiffs attempted to serve process by posting the summons and complaint at Defendant's business rather than her residence and in fact posted them at the business of Dr. Colin Shaw. *See Klumker v. Van Allred*, 112 N.M. 42, 45, 811 P.2d 75, 78 (1991) (stating that the term "abode" refers to the place where a person lives). Plaintiffs also did not post process at Defendant's premises; rather, they attempted and failed to post at her business, and there is no indication in the record that service of process was mailed to Defendant at her mailing address. *See Schneider Nat'l, Inc. v. N.M. Taxation & Revenue Dep't*, 2006–NMCA–128, ¶ 14, 140 N.M. 561, 144 P.3d 120 (stating that a party relying on service by mail has the burden of proving the mailing). Plaintiffs did mail a copy of the amended complaint to Faber at his business address several weeks later. However, Faber had indicated to Plaintiffs' counsel that he would not accept service on Defendant's behalf. Additionally, the rule required mailing of both the summons and complaint. Mailing the amended complaint alone was not sufficient. For these reasons, Plaintiffs did not successfully serve process on Defendant indi-

vidually. Plaintiffs do not dispute that they failed to properly serve Defendant's professional corporation under the rule, nor was default judgment entered against Defendant's professional corporation.

{17} Proper service of process is required before a court can exercise jurisdiction over a defendant and render a binding judgment. *See Trujillo v. Goodwin*, 2005–NMCA–095, ¶ 8, 138 N.M. 48, 116 P.3d 839 (stating that a court lacks jurisdiction to pronounce judgment over a defendant who has not been properly summoned into court); *see also Jueng v. N.M. Dep't of Labor*, 121 N.M. 237, 240, 910 P.2d 313, 316 (1996) ("[F]ailure to serve a party with process in a proper manner generally means ... that the court has no power over that party and cannot render [a] judgment binding that party." (alteration in original) (internal quotation marks and citations omitted)). A default judgment entered in the absence of proper service or waiver of service is invalid and should be set aside. *See Vann Tool Co. v. Grace*, 90 N.M. 544, 545–46, 566 P.2d 93, 94–95 (1977) (reversing the trial court's denial of the defendant's motion to set aside default judgment where the defendants were not properly served under statute governing service on non-resident defendants because the court lacked jurisdiction over the defendants); *Chapman v. Farmers Ins. Group*, 90 N.M. 18, 19, 558 P.2d 1157, 1158 (Ct.App. 1976) (stating that the trial court did not obtain jurisdiction over the defendants where service of process was made by publication, which did not apply to in personam actions, and therefore the default judgment was void); *see also Household Fin. Corp. v. McDevitt*, 84 N.M. 465, 466–67, 505 P.2d 60, 61–62 (1973) (reversing the trial court's denial of a motion to set aside default judgment where the method of service of process did not comply with the governing statute). We hold that where the court never acquires jurisdiction over a defendant because of improper service, it abuses its discretion in refusing to set aside a default judgment. Because Plaintiffs never properly served Defendant and the district court never obtained jurisdiction over Defendant prior to the default judgment, we believe that Defendant demonstrated "good cause" for failure to answer and that the district court abused its discretion in refusing to grant the motion to set aside the default judgment.

{18} Plaintiffs also argue that Defendant did not establish the existence of a meritorious defense as required under Rule 1–055(C) because her motion to set aside default judgment only alleged that Defendant was not properly served. "[I]n reviewing a claimed meritorious defense the object 'is to ascertain whether there is some possibility that the outcome of the suit after trial will be different from the result achieved by default.'" *DeFillippo*, 2002–NMCA–085, ¶ 30, 132 N.M. 529, 51 P.3d 1183 (quoting *Sunwest Bank of Albuquerque*, 108 N.M. at 214, 770 P.2d at 536). "To establish the existence of a meritorious defense sufficient to warrant setting aside a default judgment, the movant must also proffer some statement of underlying facts in support of the defense." *Id.* Defendant's motion to set aside the default judgment stated that the existence of a meritorious defense was set out in her answer. After filing her motion to set aside the default judgment, Defendant filed a verified amended answer. In both the answer and the verified amended answer, Defendant denied the allegations of malpractice and alleged that she exercised the degree of care required at all times. The allegations in the answer and verified answer were sufficient to establish a meritorious defense to the action. *Sunwest Bank*, 108 N.M. at 214–15, 770 P.2d at 536–37 (stating that facts alleged in an answer are sufficient to establish the existence of a meritorious defense).

## 4. Waiver

{19} Plaintiffs argue that Defendant agreed to waive any defects in service of process in exchange for an extension of time to file an answer. "Waiver is the intentional relinquishment of a known right." *Berry v. Meadows*, 103 N.M. 761, 769, 713 P.2d 1017, 1025 (Ct.App.1986). We first note that the district court did not make an explicit finding of waiver, nor did it make any findings of fact that would support the existence of a waiver. However, even if the district court's statements at the hearing to set aside default

judgment could be interpreted as a finding of waiver, we do not believe that there was sufficient evidence from which the court could find waiver in this case. The correspondence between the parties indicates that Defendant offered to waive any defects in service in exchange for a thirty-day extension in which to file an answer and determine insurance coverage. That offer was expressly rejected by Plaintiffs in their response to the offer. Thus, no agreement to waive was entered into between the parties. *See DeArmond v. Halliburton Energy Servs., Inc.,* 2003–NMCA–148, ¶ 11, 134 N.M. 630, 81 P.3d 573 (stating that acceptance of an agreement is essential for the agreement to be binding); *see also McCoy v. Alsup,* 94 N.M. 255, 259, 609 P.2d 337, 341 (Ct.App.1980) (stating that an offer becomes binding only when it is accepted).

{20} Plaintiffs argue that Waggoner's statements at the hearing on the motion to set aside default judgment are sufficient to establish waiver. At the hearing, Waggoner stated that after Plaintiffs rejected Defendant's offer to waive service, he and Faber agreed in a later telephone conversation to waive service in exchange for an extension to file an answer. However, we do not believe that counsel's statement at the hearing is sufficient to establish the existence of an agreement to waive service of process. Generally, statements of counsel are not evidence. *See Yount v. Millington,* 117 N.M. 95, 100, 869 P.2d 283, 288 (Ct.App.1993). Here, the parties did not stipulate to the existence of an agreement to waive service, and they disputed the existence of a waiver at the hearing on the motion to set aside the default judgment. Under these circumstances, counsel's statement at the hearing is an insufficient basis to find the existence of a waiver. We are then left with the written communications between the parties, which show that no agreement to waive service of process existed.

{21} We now turn to Plaintiffs' arguments that by failing to assert insufficiency of service of process in her answer, entering a general appearance, and making requests for affirmative relief from the district court, Defendant waived any objection to service of process and to the district court's jurisdiction. For the reasons that follow, we reject Plaintiffs' arguments.

{22} Plaintiffs first argue that Defendant waived her claims of insufficiency of process and lack of jurisdiction under Rule 1–012(B). Rule 1–012(B) allows a defendant to raise the defenses of lack of personal jurisdiction and insufficiency of service of process in the first responsive pleading or by motion made under the rule before the first responsive pleading is filed. *See* Rule 1–012(B)(2), (5). Rule 1–012(H)(1)(b) expressly provides that these defenses are waived if not raised in the first responsive pleading or by motion before the responsive pleading. In this case, default judgment was entered on April 25, 2003. Defendant filed an answer and a counterclaim on May 5, 2003, and a motion to set aside default judgment the next day. Plaintiffs argue that Defendant's answer was her first responsive pleading and that her failure to raise these defenses in her answer waived the defenses.

{23} We disagree. Plaintiffs argument assumes that the case was governed by Rule 1–012. However, the district court granted a default judgment against Defendant before she filed her answer and counterclaim. Until the district court granted relief from default judgment, Defendant could not file an effective responsive pleading or motion under Rule 1–012(B). Rather, Defendant was required to proceed under Rule 1–055(C), governing relief from default judgment, before she could file an answer in the case. *See Rogers v. Lyle Adjustment Co.,* 70 N.M. 209, 212, 372 P.2d 797, 799 (1962) ("It is clear that a party in default for failure to plead or otherwise defend the action must apply to the court for relief under Rule 55(c) before he can plead in the cause."). Plaintiffs rely on our decision in *Rupp v. Hurley,* 1999–NMCA–057, ¶¶ 19–20, 127 N.M. 222, 979 P.2d 733, in which we held that the defendants waived a defense of insufficiency of service of process because they did not raise it in their answer. However, *Rupp* did not involve an answer filed after the entry of a default judgment as in this case. *See Fernandez v. Farmers Ins. Co. of Ariz.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (stating that cases are

not authority for propositions not considered). Plaintiffs also cite *J. Slotnik Co. v. Clemco Industries*, 127 F.R.D. 435, 440 (D.Mass.1989), in which the court found that the defendant waived any defects in service under Federal Rule of Civil Procedure 12(h) by failing to raise the issue in its answer filed after entry of default judgment. *But see Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 524 (N.D.Iowa 2001) (stating that the defendant could not move or plead in response to the plaintiff's complaint until default judgment entered against it had been set aside). However, our case law requires a defendant to obtain relief from default judgment before pleading in a case. We therefore reject Plaintiffs' argument that Defendant's objection to service of process and the district court's jurisdiction was waived under Rule 1–012(H).

■ {24} Plaintiffs also argue that by seeking affirmative relief in the form of a peremptory challenge to the district judge pursuant to Rule 1–088.1 NMRA, and by filing a permissive third-party complaint, Defendant entered a general appearance in the action, waived her objections to service of process, and submitted to the district court's jurisdiction. Plaintiffs rely on *Barreras v. New Mexico Motor Vehicle Division*, 2005–NMCA–055, 137 N.M. 435, 112 P.3d 296. In *Barreras*, the Motor Vehicle Division (MVD) argued that the district court lacked personal jurisdiction to bind it to a judgment because neither the MVD nor the attorney general was personally served as required by the rules. *Id.* ¶ 5. We held that the MVD waived its objection to the district court's exercise of personal jurisdiction because, when it received notice of the hearing, it filed a notice of peremptory challenge to excuse the district court judge. *Id.* ¶ 7. We noted that filing a peremptory challenge constituted an entry of general appearance and that by entering a general appearance, the MVD waived any objection to lack of personal jurisdiction based on insufficiency of process. *See id.; see Guthrie v. Threlkeld Co.*, 52 N.M. 93, 96, 192 P.2d 307, 308 (1948) (stating that any action on the part of the defendant, except to object to the jurisdiction, that recognizes the case as in court will amount to a general appearance). We find the *Barreras* case inapplicable to the present action.

Plaintiffs' argument is based on the rationale that filing a peremptory challenge constitutes entry of a general appearance. However, this case involves entry of a default judgment. In *Abarca v. Henry L. Hanson, Inc.*, 106 N.M. 25, 26, 738 P.2d 519, 520 (Ct.App. 1987), we rejected the argument that entry of a general appearance waived or cured any defect in service of process after entry of a default judgment. *See id.* (stating that, while entry of a general appearance before entry of default judgment may cure defects in service of process, entry of general appearance after default judgment is entered does not).

■ {25} Finally, Plaintiffs argue that by filing a third-party complaint, Defendant invoked the jurisdiction of the district court and could not then object to the court's exercise of jurisdiction. In support, Plaintiffs rely on *Williams v. Arcoa International, Inc.*, 86 N.M. 288, 290, 523 P.2d 23, 25 (Ct. App.1974), where we determined that the defendants waived a claim of lack of personal jurisdiction by filing a permissive third-party complaint that invoked the jurisdiction of the district court while *at the same time* asserting that the court lacked personal jurisdiction over them. We held that the defendants could not invoke the district court's jurisdiction while claiming that such jurisdiction did not exist. *Id.* We find *Williams* to be distinguishable from this case. Here, Defendant did not file a third-party complaint against her insurers until *after* the district court had denied her Rule 1–055(C) motion for relief from default judgment. Once the district court denied relief from default judgment, the issue of damages still remained to be litigated. *See* Rule 1–055(B) (stating that if it is necessary for the court to determine the amount of damages following entry of default judgment, the court may conduct hearings as necessary and shall accord the right of trial by jury to the parties where entitled). Defendant's participation in the proceedings contemplated under Rule 1–055(C) to determine the amount of damages and her filing of a claim against her insurers was appropriate and did not constitute a waiver of review of the default judgment. *See Armijo v. Armijo*, 98 N.M. 518, 520, 650 P.2d 40, 42 (Ct.App. 1982) (stating that where the claim for damages is unliquidated, it would be an abuse of

discretion not to have a hearing and to put the plaintiff to the test of presenting evidence to support the claim for damages following entry of default judgment); *Gallegos v. Franklin,* 89 N.M. 118, 123, 547 P.2d 1160, 1165 (Ct.App.1976) (stating that where damages are uncertain, a plaintiff must prove damages following entry of default judgment). Therefore, we reject Plaintiffs' argument that Defendant waived objection to the sufficiency of service of process by seeking affirmative relief from the district court following entry of default judgment.

## CONCLUSION

{26} For these reasons, we reverse the district court's denial of Defendant's motion to set aside the entry of default judgment and remand for further proceedings in accordance with this opinion.

{27} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and JAMES J. WECHSLER, Judges.