This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANNA M. ROYBAL,**

  Plaintiff-Appellee,

**v.**             **No. 29,806**

**GREG ROYBAL, Individually and/or**
**in His Official Capacity, d/b/a**
**Milagro Construction Co., License**
**#32627, Cancelled,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

The Waggoner Law Firm, PC
William Waggoner
Santa Fe, NM

for Appellee

Long, Pound & Komer, PA
Little V. West
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from an adverse judgment. We issued a notice of proposed summary disposition, proposing to reverse. Plaintiff has filed a memorandum in opposition. After due consideration, we reverse and remand for further proceedings.

We summarized the pertinent procedural history of this case in the notice of proposed summary disposition. To very briefly reiterate the most significant events, Plaintiff attempted to effectuate service of process on Defendant by mailing copies of the complaint and summons to Defendant's residence and place of business. [RP 25-29] An individual identified only as Dawn Roybal signed for the documents. [RP 26A, 29] No entry of appearance was made, and no answer was filed. [RP 30] Plaintiff therefore obtained a default judgment, reserving the question of damages for future determination. [RP 42-44, 57-58, 79]

When the damages issue was subsequently heard, Defendant appeared pro se. [DS 2; RP 144-45] At the conclusion of the hearing the district court appears to have substantially announced its decision, indicating that Plaintiff had demonstrated her entitlement to both compensatory and punitive damages in an amount exceeding $400,000. [DS 3] Shortly thereafter Defendant obtained counsel and moved to set aside the default judgment on grounds that he had not been properly served, among

other things. [DS 3; RP 90-95] However, the district court proceeded to enter its final order, finding in Plaintiff's favor with respect to all theories alleged and awarding her damages in the total amount of $441,789.14. [RP 118-20]

Pursuant to Rule 1-055 NMRA, Rule 1-059 NMRA, and Rule 1-060 NMRA, Defendant sought relief from both the initial default judgment and from the subsequent final order. [RP 121-31] Among other arguments, Defendant continued to assert that service of process had been deficient. [RP 126-27] The district court ultimately denied Defendant's requests for relief by written order. [RP 143-46] Although it acknowledged that Defendant had not been served in accordance with Rule 1-004 NMRA, the court concluded that he was not entitled to relief because he had actual notice and because he had taken part in the proceedings relating to the damages award and the motions to set aside. [RP143-44]

"We review the district court's denial of a motion to set aside a default judgment for abuse of discretion." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 145 N.M. 58, 193 P.3d 605. "In exercising discretion to set aside a default judgment, courts should bear in mind that default judgments are not favored and that, generally, causes should be tried upon their merits." *Id.* (internal quotation marks and citation omitted). "Because trial on the merits is preferred, only a slight abuse of discretion is sufficient to justify reversal." *Id.* (internal quotation marks and citation omitted).

4

For the reasons that follow, we conclude that the propriety of the district court's ruling on the motions to set aside turns on the sufficiency of service of process. "A default judgment entered in the absence of proper service or waiver of service is invalid and should be set aside." *Id.* ¶ 17. Accordingly, "where the court never acquires jurisdiction over a defendant because of improper service, it abuses its discretion in refusing to set aside a default judgment." *Id.*

As stated above, in this case the district court concluded that Plaintiff failed to comply with the applicable service of process requirements under the current version of Rule 1-004. [RP 143-44] We arrive at the same conclusion.

Below, Plaintiff took the position that the mailing of the complaint and summons to Defendant's residence and place of business was sufficient under Rule 1-004(F)(2), [RP 109-10, 133-34] which allows for service "by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address[.]" However, Plaintiff does not appear to have accomplished "delivery," only the mailing. And further, as we previously observed in the notice of proposed summary disposition, service pursuant to subsection (F)(2) is only permissible after first unsuccessfully attempting to serve process personally, by leaving the documents "at the location where the individual has

5

been found," or by mail as described in Rule 1-004(E)(3). We find no indication that Plaintiff attempted to serve Defendant personally or "at the location where [he has been] found."

This brings us to Rule 1-004(E)(3). In her memorandum in opposition, Plaintiff asserts that service of process was accomplished in accordance with Rule 1-004, sub-parts (E)(3) and (F)(1)(b). [MIO 2-3] Together, these provisions specify that an individual may be served by mail "provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt[.]" Although the envelope appears to have been properly addressed, we find no indication in either the record or the memorandum in opposition that the individual who signed for the documents was "authorized by appointment, by law or by this rule" to accept service of process on Defendant's behalf. Plaintiff's attempt to effectuate service of process on the business suffers from the same deficiency. *See* Rule 1-004(G)(3) NMRA. Accordingly, we are unpersuaded by Plaintiff's assertion that service of process was effectuated in accordance with the requirements of Rule 1-004.

Despite the foregoing, the district court appears to have concluded that Defendant was not entitled to relief because he had actual notice of the proceedings.

[RP 144] Plaintiff takes the same position in her memorandum in opposition. [MIO 3-4] However, as we observed in the notice of proposed summary disposition, actual notice does not alter the jurisdictional analysis in cases such as this, where a default judgment is at issue. *See Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶ 46, 145 N.M. 328, 198 P.3d 354 (citing *Ortiz* as authority for the reversal of default judgment against defendant who had actual knowledge of the suit, but was never properly served).

The district court's ruling may also have been based, in part, on its sense that Defendant waived service of process by appearing at the hearing on damages and by filing the motions to set aside. [RP 144] We understand Plaintiff to adopt a similar position in her memorandum in opposition. [MIO 4] However, *Ortiz* illustrates that neither participation in proceedings to determine the amount of damages, nor the entry of a general appearance after the entry of a default judgment waives or cures any defect in service of process. *Id.*, 2008-NMCA-136, ¶¶ 24-25.

Finally, Plaintiff argues that granting Defendant relief from the underlying default judgment and final order will have the effect of "encourag[ing] individuals to ignore and/or play games with the New Mexico Rules of Civil Procedure and would send the message that it is alright to simply ignore service in hopes of trying to avoid their legal responsibilities." [MIO 4] However, to arrive at a different result would

7

appear to have an equal and opposite effect on plaintiffs, encouraging them to ignore the requirements of Rule 1-004 and to take whatever approach to service of process that they deem expedient, subjecting defendants to an unwarranted risk of suffering default judgments. Insofar as Rule 1-004 clearly places the burden on plaintiffs to effectuate service of process in an appropriate manner, it would be inappropriate to place the burden on defendants to compensate for deficiencies in service of process through voluntarism.

In summary therefore, we conclude that Defendant was not properly served. As a result, the district court erred in denying Defendant's motion to set aside the default judgment. We therefore reverse and remand for further proceedings.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**