This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAUL KEITH REYES,**

Plaintiff-Appellant,

**vs.**                                                     **NO. 31,844**

**GAINSCO AUTO INSURANCE CO.,**
**MGA INSURANCE CO., and**
**MALCOM MANNING, KORINA NEVAREZ,**

Defendants.

**and**

**MALCOLM MANNING,**

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Paul Keith Reyes
Albuquerque, NM

Pro se Appellant

Butt Thornton & Baehr, P.C.
Alfred L. Green, Jr.
Albuquerque, NM

for MGA Insurance Co. & Gainsco

O'Brien & Padilla, P.C.
Richard M. Padilla
Alicia M. Santos
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Paul Keith Reyes (Plaintiff) has appealed from two orders: (1) referring this case to a settlement conference, and (2) the other dismissing his claims against Defendant-Appellee Malcolm Manning (Defendant). We issued a notice of proposed summary disposition, proposing to hold that the first order is not properly before us, and proposing to reverse the second. Because Plaintiff has filed no responsive memorandum, we adhere to our initial evaluation relative to the order referring the case to settlement, and decline to consider the matter further. Defendant has filed a memorandum in opposition. After due consideration, we remain of the opinion that the order of dismissal was improvidently entered. We, therefore, reverse and remand for further proceedings.

As we previously noted, the order of dismissal might be premised on either insufficient service of process or Rule 1-007.1 NMRA. With respect to the former theory, our case law makes clear that insofar as Defendant filed a notice of peremptory excusal he entered a general appearance, thereby waiving any objection to the sufficiency of service of process. *See Ortiz v. Shaw*, 2008-NMCA-136, ¶ 24, 145 N.M. 58, 193 P.3d 605. In his memorandum in opposition Defendant urges this Court to limit or overturn *Ortiz*, on grounds that it "forces a party to choose between preserving his right to contest the sufficiency of service of process and exercising his right of peremptory excusal." [MIO 2] However, we are aware of no authority indicating that it is improper to require a litigant to make such a choice. None of the cases cited in the memorandum in opposition so provide. In a different context, we have recognized that a *criminal* defendant cannot be required to waive one *constitutional* right in order to assert another. *See State v. Gutierrez*, 119 N.M. 618, 623, 894 P.2d 395, 400 (Ct. App. 1995). However, this is a civil case, and the right to peremptory excusal is statutory rather than constitutional. *See* NMSA 1978, § 38-3-9 (1985). As a result, we are not persuaded that limitation or abandonment of *Ortiz* is in order.

Rule 1-007.1 is similarly unavailing. As we previously noted, the courts are required to consider a number of factors before granting a dispositive motion on this

basis. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 12, 134 N.M. 207, 75 P.3d 423. Insofar as *Lujan* establishes a generalized analytical requirement, Defendant's attempt to distinguish *Lujan* on its facts is unpersuasive. [MIO 4] And because we find no indication that the district court undertook the requisite analysis, we remain of the opinion that Rule 1-007.1 cannot supply a basis for affirmance.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we reverse and remand for further proceedings.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**