This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SCOTT E. TURNER,**

Plaintiff-Appellant,

v.  NO.  32,134

**AMANDA FISHER, a/k/a**
**AMANDA LUCAS, a/k/a**
**MANDY LUCAS, and**
**JASON LUCAS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Turner Law Firm, LLC
Scott E. Turner
Albuquerque, NM

Pro Se Appellant

Amanda Fisher, a/k/a Amanda Lucas, a/k/a Mandy Lucas
Albuquerque, NM

Jason Lucas
Albuquerque, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Scott E. Turner (Plaintiff) appeals the district court's order denying his motion for the issuance of immediate bench warrants for the arrest of Amanda Fisher, a/k/a Amanda Lucas, a/k/a Mandy Lucas, and Jason Lucas (Defendants). We issued a notice of proposed summary disposition proposing to affirm. Plaintiff has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

As we set out in our notice of proposed summary disposition, the relevant facts are that Plaintiff obtained several civil default judgments against Defendants based on unpaid amounts due on a real estate contract and willful damage to his property. [RP 87, 121] Defendants did not pay the judgment owed to Plaintiff. Defendants also did not appear for a post-judgment deposition scheduled for August 19, 2011. [RP 169] On September 30, 2011, Plaintiff filed a motion to compel Defendants to appear for depositions, which the court granted. [RP 152, 164] The district court entered an order requiring Defendants to appear for depositions on December 9, 2011. On December 9, 2011, after Defendants did not appear for the depositions, Plaintiff filed a motion to hold Defendants in civil contempt of court. [RP 167-172] In his motion, Plaintiff asserted that Defendants had failed to pay the amounts owed under the

2

judgments, that he had been unable to identify any assets owned by Defendants that could be used to satisfy the judgment, and that he would not be able to do so without taking discovery from Defendants. [RP 167-168] In part, Plaintiff asked the court to issue bench warrants for Defendants' immediate arrest and detention. [RP 167-172] On March 1, 2012, the district court held a hearing on the motion and, on April 9, 2012, the district court entered an order denying the motion. [RP 190] Plaintiff now appeals.

"A trial court has wide discretion in determining whether to hold a person in contempt." *Ingalls v. Ingalls*, 119 N.M. 85, 89, 888 P.2d 967, 971 (Ct. App. 1994). In our notice of proposed summary disposition, we proposed to hold that the district court appropriately exercised its discretion in denying the motion to issue bench warrants. The district court's decision was based on its findings that (1) it was not clear from the record whether Defendants had been properly served with either the court's order requiring their appearance at the December 9 depositions or the notice of the March 1 hearing on Plaintiff's motion, (2) Plaintiff had not proved that issuance of a bench warrant for Defendants' immediate arrest and detention was the only way to get the information he was seeking to aid in enforcement of the judgment, and (3) the possibility that issuing a bench warrant under the circumstances could subject Defendants to a significant period of incarceration on a civil debt action without

3

counsel due to communications deficiencies between the jail and the district court. [RP 191] We proposed to hold that, under these circumstances, the district court did not fail to exercise discretion, or abuse its discretion in denying Plaintiff's request that the court issue bench warrants for Defendants.

In his memorandum in opposition, Plaintiff first argues that the record is clear that Defendants were properly served with both the November 21, 2011 order and notice of the March 1, 2012 hearing. [MIO 3-4] We disagree. Plaintiff argues that service was made on Defendants at their address at 12030 Menaul Blvd. NE, Apt. D, Albuquerque, NM 87112. Pursuant to Rule 1-005, service at Defendants' home could be made by (1) handing a copy to Defendants, (2) sending a copy by facsimile or electronic transmission, (3) leaving a copy at the home with some person of suitable age and discretion residing therein, or (4) mailing a copy to the address. *See* Rule 1-005(B), (C) NMRA.

The record does indicate that Plaintiff mailed a copy of notice of the March 1 hearing to Defendants at 12030 Menaul. [RP 184] However, as the district court found, there is no indication in the record that the address used was actually Defendants' address. [RP 190] We find nothing in the record or in Plaintiff's memorandum in opposition to contradict this. Additionally, the district court found that both affidavits of services for the orders did not describe a method of service or

4

who, if anyone, received the papers. [RP 190] The affidavits merely state that the affiant served copies of the order and the notice of hearing on Defendants at that address. [RP 166, 185] As the affidavits of service do not state a proper method of service, we agree with the district court that it is unclear from the record whether Defendants were properly served. Plaintiff argues that nothing in the record contradicts the affiant's assertion that Defendants were served. [RP 3-4] However, in the absence of some indication of what method of service was used, we cannot say that service was proper. *See Ortiz v. Shaw*, 2008-NMCA-136, ¶ 16, 145 N.M. 58, 193 P.3d 605 (reviewing specific methods of service employed by the plaintiffs to see if they comported with the applicable rule of civil procedure); *see also* Rule 1-005(E) (stating a certificate of service describing the method of service shall be filed with the court within a reasonable time after service). Because the record does not indicate that Defendants were ever properly served with notice of the order or the hearing, the district court did not abuse its discretion in declining to issue arrest warrants based on Defendants' failure to appear. *See Hooker v. Lucero*, 94 N.M. 798, 799-800, 617 P.2d 1313, 1314-15 (1980) (stating that knowledge of the court's order is necessary for a finding of civil contempt).

Plaintiff also argues that there is no evidence to support the district court's finding that he failed to prove that issuance of arrest warrants was the only way he

could enforce the civil judgment, or to support its concern that Defendants could be subjected to incarceration without counsel due to communications deficiencies between the jail and the district court if arrest warrants were issued. [MIO 5-8] However, we believe that the lack of evidence of proper service in this case is sufficient to support the district court's decision, and we therefore need not address these arguments.

For these reasons, we affirm the district court.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**