This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF AMERICA, N.A.,**

Plaintiff-Appellee,

v.                                                                        **NO. 34,567**

**JEROME T. ROYBAL, and**
**AMY J. ROYBAL,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Weinstein & Riley, P.S.
Jason Bousliman
Albuquerque, NM

for Appellee

Gleason Law Firm, LLC
Deirdre Gleason
Heath, MA

for Appellants

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}    Husband and wife, Jerome Roybal and Amy Roybal (Homeowners), appeal from the district court's order denying their motion to vacate a foreclosure judgment due to the foreclosing bank's, Bank of America (BOA), lack of standing. This appeal implicates a recent New Mexico Supreme Court case that clarified that a party who fails to challenge standing prior to the completion of a trial on the merits or while litigation is still active waives his standing arguments. *See Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶¶ 15-19, 369 P.3d 1046. Given this clarification, we affirm the district court and hold that Homeowners waived their right to challenge BOA's standing because service was proper and they did not raise their standing challenge prior to the district court's entry of the final judgment. Because resolution of this issue is dispositive of this appeal, we need not reach the other issues raised by Homeowners.

**BACKGROUND**

{2}    BOA filed a foreclosure complaint against Homeowners, and after three failed attempts at personal service, the district court granted BOA leave to complete service by posting and required the posting to be followed by a first class mailing of the summons and complaint. Homeowners made no appearance nor did they answer the summons and complaint, and the district court granted BOA a default judgment. BOA then purchased the foreclosed property at a special master's sale.

{3}     Subsequently, Homeowners filed a motion to reinstate the case, alleging that they were never served with any of the documents filed in the case, including the foreclosure complaint. Homeowners additionally alleged that BOA failed to establish its standing because the promissory note attached to the foreclosure complaint did not contain a special indorsement indicating that BOA was the holder at the time the complaint was filed. Homeowners also filed a motion to vacate the default judgment and foreclosure sale and dismiss for lack of subject matter jurisdiction, which the district court denied. This appeal followed.

**DISCUSSION**

{4}     This case turns on whether Homeowners properly raised the issue of BOA's standing after entry of the default judgment. "We review the district court's denial of a motion to set aside a default judgment for abuse of discretion." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 145 N.M. 58, 193 P.3d 605. Homeowners argue that the default judgment should be set aside under Rule 1-060(B) NMRA because they did not have the opportunity to raise the standing issue prior to entry of the default judgment since they were improperly served under Rule 1-004(F) NMRA. In light of our Supreme Court's recent holding in *Johnston*, however, we hold that under the facts of this case, Homeowners were properly served under Rule 1-004 and, as a result, the district court

did not err when it also ruled that Homeowners waived any standing arguments by failing to raise them before the entry of the default judgment.

**Service Was Proper Under Rule 1-004**

{5}     As a preliminary matter, we address the question of whether Homeowners were properly served with the summons and complaint. We defer to the district court's findings of fact when its findings are supported by substantial evidence. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 18, 320 P.3d 1 (explaining that an appellate court reviews a district court's findings of fact for substantial evidence). "Substantial evidence means relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). On appeal, the appellate courts "resolve all disputed facts and indulge all reasonable inferences in favor of the trial court's findings." *Id.* (internal quotation marks and citation omitted). Under Rule 1-004(F)(1),

> [p]ersonal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process . . . to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or . . . by mail or commercial courier service.

However, Rule 1-004(J) provides that, where it has been shown by affidavit that service cannot otherwise be reasonably made under Rule 1-004, a moving party may seek leave of the court to effect service "by any method or combination of methods . . . that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend."

{6} Here, BOA attempted to personally serve Homeowners with the summons and complaint at Homeowners' residence on three separate occasions. In his affidavit of attempted service, the process server stated that he first attempted to serve Homeowners on August 13, 2013, at 10:45 a.m., but that there was no answer, so he left a note on their door. On that date, he verified with a neighbor that Homeowners lived at that address. On August 15, 2013, the process server attempted service again at 2:00 p.m. and again received no response. He verified with a different neighbor that Homeowners lived at that address. Noticing that the first note had been removed from the door, the process server left a card taped to the garage door. The process server made a third attempt to serve Homeowners on August 19, 2013 at 6:00 p.m. Despite "several times ringing the doorbell, knocking and calling out 'Hello[,]' " there was no response even though the garage door was open and two vehicles registered to Homeowners were parked in the garage. The process server testified to the same

effect. On August 22, 2013, BOA filed a motion with the district court for leave to effect personal service of process by posting pursuant to Rule 1-004(J). The district court granted leave for BOA to serve the summons and complaint for foreclosure by posting it at Homeowners' residence, followed by a first class mailing of the summons and complaint to that address. In compliance with the court's order, the process server posted two copies of the summons and complaint along with the district court's order "in the most public part of [Homeowners'] premises," while BOA mailed the same documents along with a copy of the certificate of mailing to Homeowners' address via first class mail.

{7} Homeowners allege that they were never served with any of the documents filed in the case, including the foreclosure complaint. Homeowners provided affidavits to the district court stating that they never received the posting of the foreclosure complaint. Further, Homeowners stated that they were both working when the process server attempted service the first two instances and that on the third occasion, they were likely out for their regular evening walk. Finally, Homeowners alleged that they did not receive the complaint by mail or posting.

{8} The district court denied Homeowners' motion to vacate default judgment and foreclosure sale and dismiss for lack of jurisdiction because it found that the process server's testimony and affidavits were credible and that Homeowners were properly

served by posting. In addition, the district court found that Homeowners had attempted to deliberately avoid service. We defer to the court's factual findings and conclude that they were supported by substantial evidence as established by the process server's affidavits and testimony. *See Romero*, 2014-NMSC-007, ¶ 18; *Perez v. Int'l Minerals & Chem. Corp.*, 1981-NMCA-022, ¶ 13, 95 N.M. 628, 624 P.2d 1025 ("We will not weigh the evidence or determine the credibility of witnesses [as t]he trier of facts is the sole judge of the credibility of witnesses and the weight to be given their testimony." (internal quotation marks omitted)). Accordingly, we hold that service was proper and that Homeowners had an opportunity, but failed, to file a responsive pleading raising their standing challenge before entry of the default judgment.

**Homeowners Waived Their Rule 1-060(B) Standing Arguments**

{9}     In *Johnston*,[1] our Supreme Court clarified New Mexico law on whether standing is jurisdictional. The Court explained that,

---

[1]We acknowledge Homeowners' supplemental brief in chief, which addresses the *Johnston* case. We note, however, that while the supplemental brief accurately reflects our Supreme Court's statement that prudential standing is a "vital procedural safeguard," *see Johnston*, 2016-NMSC-013, ¶ 21, Homeowners did not address the Court's emphasis on "active litigation" and subsequent discussion clarifying that "a final judgment from a cause of action that may have lacked standing . . . is not voidable under Rule 1-060(B) due to a lack of prudential standing." *See Johnston*, 2016-NMSC-013, ¶¶ 18, 33-34.

7

> [a]s a general rule, standing in our courts is not derived from the state constitution, and is not jurisdictional. However, when a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. Standing then becomes a jurisdictional prerequisite to an action. . . . [W]e take this opportunity to clarify . . . and hold that mortgage foreclosure actions are not created by statute. Therefore, the issue of standing in those cases cannot be jurisdictional.

*Johnston*, 2016-NMSC-013, ¶ 11 (alteration, internal quotation marks, and citations omitted). *Johnston* further explained that, because a cause of action to enforce a promissory note is not created by statute, standing is not jurisdictional in such a case. *Id.* ¶ 10; *see also id.* ¶ 12 (stating that "an action to enforce a promissory note fell within the district court's general subject matter jurisdiction . . . because it was not created by statute"). Accordingly, standing in foreclosure cases is a prudential consideration that "can be raised for the first time at any point in an active litigation[.]" *Id.* ¶¶ 10, 18. Our Supreme Court went on to hold that "standing must be established as of the time of filing suit in mortgage foreclosure cases[.]" *Id.* ¶ 20. It nevertheless stated that, because standing is not jurisdictional, the possibility remains that a homeowner can waive the issue. *Id.* ¶ 15.

{10} Moreover and important to our analysis here, *Johnston* held that "a final judgment on any . . . cause of action [other than one that lacks standing as a jurisdictional matter], including an action to enforce a promissory note . . . *is not voidable under Rule 1-060(B)* due to a lack of prudential standing." *Johnston*, 2016-

8

NMSC-013, ¶ 34 (emphasis added). Because a default judgment necessarily precludes trial and is a final order thus ending "active litigation," *see Gallegos v. Franklin*, 1976-NMCA-019, ¶ 25, 89 N.M. 118, 547 P.2d 1160, in the present case, the final judgment granting BOA default judgment is not voidable under Rule 1-060(B) due to a lack of prudential standing. *See Gallegos*, 1976-NMCA-019, ¶ 25 (noting that a default judgment is a final judgment).

{11} In *Johnston*, the Court held that the homeowner did not waive standing because he raised the issue during "active litigation," i.e., in a motion prior to trial. 2016-NMSC-013, ¶¶ 17-18. In contrast, in this case, Homeowners filed their first motion challenging BOA's standing over two months after the default judgment was entered, and they filed the motion to vacate the default judgment and foreclosure sale because of BOA's alleged lack of standing ten months after the entry of the default judgment. Based on the record before us, service was proper and Homeowners had ample opportunity to raise the issue of standing before entry of the default judgment. Yet Homeowners did not challenge BOA's standing until months after "active litigation" was complete. Consequently, under *Johnston*, they waived their right to do so. *See id.* ¶¶ 15-19. The district court did not abuse its discretion in denying Homeowners' Rule 1-060(B) motion to vacate the default judgment and foreclosure sale in this case.

**CONCLUSION**

{12}    We affirm.

{13}    **IT IS SO ORDERED.**

                                  _____
                                  **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**