This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38268

**SPECIALIZED LOAN SERVICING, LLC,**

Plaintiff-Appellee,

v.

**MATTHEW J. FICHERA,**

Defendant-Appellant,

and

**TAXATION AND REVENUE
DEPARTMENT OF THE STATE
OF NEW MEXICO,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa Chavez Ortega, District Judge**

Tiffany & Bosco, P.A.
Karen H. Bradley
Albuquerque, NM

for Appellee

Matthew J. Fichera
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant Matthew Fichera, who is self-represented, appeals from an order denying his motion to set aside a default foreclosure judgment. [RP 170, 186] We issued a calendar notice proposing to affirm. Defendant has filed a timely memorandum in opposition. Unpersuaded, we affirm the district court's judgment.

**{2}** As we observed in our calendar notice, the foreclosure judgment was filed on August 31, 2018. [RP 106] Defendant's motion challenging that judgment was filed on February 1, 2019. [RP 143] We therefore construe Defendant's motion as a motion made pursuant to Rule 1-060(B) NMRA. *See Marquez v. Larrabee*, 2016-NMCA-087, ¶ 9, 382 P.3d 968 (explaining that because the notice of appeal was timely only as to the district court's denial of the defendants' motion to set aside the default judgment under Rule 1-060 and not as to the district court's order granting the plaintiff's motion for a default judgment, this Court would address only the district court's denial of the motion to set aside the default judgment).

**{3}** Rule 1-060(B) provides, in pertinent part, that "[o]n motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for" reasons including "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA." Rule 1-060(B)(1), (2). "We review the district court's denial of a motion to set aside a default judgment for abuse of discretion." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 145 N.M. 58, 193 P.3d 605.

**{4}** Defendant's motion to set aside appears to have alleged mistake and/or new evidence. [RP 143] The district court denied the motion after holding an evidentiary hearing. [RP 170] To the extent Defendant alleged new evidence, in the form of documents and matters relating to his equity in the property, Defendant has not established that he could not have discovered this evidence within the time limits of Rule 1-060(B)(2). To the extent that Defendant's motion relied on his claims of mistake, lack of notice, or excusable neglect, these claims raised matters of credibility. "It is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, and we, as the reviewing court, do not weigh the credibility of live witnesses." *N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted).

**{5}** Finally, with respect to the claim [MIO 2] that the one-month redemption period was too short, our Legislature has specifically authorized parties to contractually bind themselves to this amount of time. *See* NMSA 1978, § 39-5-19 (1965) ("The parties to any such instrument may, by its terms, shorten the redemption period to not less than one month[.]"). We therefore hold that Defendant has not established that the district court abused its discretion in denying his motion. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case").

**{6}** For the reasons provided in the notice and in this opinion, we affirm the district court's judgment.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**