**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: April 15, 2014

Docket No. 32,091

STATE OF NEW MEXICO ex rel.
NEW MEXICO OFFICE OF THE
ATTORNEY GENERAL,

      Plaintiff-Appellee,

v.

GRAND RIVER ENTERPRISES SIX
NATIONS, LTD., a Foreign Corporation,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Barbara J. Vigil, District Judge

Gary K. King, Attorney General
Rebecca A. Parish, Assistant Attorney General
Santa Fe, NM

for Appellee

Luebben Johnson & Barnhouse LLP
Randolph H. Barnhouse
Kelli J. Keegan
Los Ranchos de Albuquerque, NM

for Appellant

## OPINION

**FRY, Judge.**

**{1}** Defendant Grand River Enterprises Six Nations, Ltd., a tobacco company, appeals the district court's denial of its motion to set aside a default judgment entered against it in an action brought by the State to force Grand River to contribute money into New Mexico's

1

tobacco escrow fund. On appeal, Grand River argues that the default judgment must be set aside because (1) the State failed to comply with the rules governing the service of process on foreign corporations; and (2) the district court did not have personal jurisdiction over Grand River when it entered the default judgment. Because we agree with Grand River that the district court lacked personal jurisdiction, we conclude that the district court's default judgment is void and must be set aside.

**BACKGROUND**

**{2}**    Grand River manufactures tobacco products, including Opal brand cigarettes. Grand River is incorporated in Canada, with its principal place of business in Ohsweken, Ontario, and operates exclusively on the Six Nation Indian Reserve. During the time material to this litigation, Grand River was not registered to do business in New Mexico, did not have an agent for the service of process in New Mexico, and did not directly engage in business activity in New Mexico.

**{3}**    In early 2005, Grace's Smoke Shop in Deming, New Mexico allegedly sold approximately 19,540 Opal cigarettes. Grace's Smoke Shop purchased the cigarettes from wholesale distributor Snow Mountain Wholesale, located in Las Vegas, Nevada. According to the affidavit of Grand River's President, Grand River did not have any contact or a contractual arrangement with either Snow Mountain Wholesale or Grace's Smoke Shop regarding the sale of the cigarettes in New Mexico.

**{4}**    In 2007, the Attorney General filed suit against Grand River for failing to comply with the Tobacco Escrow Fund Act, NMSA 1978, Sections 6-4-14 to -24 (2003, as amended through 2009). The Act requires some tobacco companies to contribute money into an escrow account according to the amount of individual cigarettes they have sold in the state. NMSA 1978, § 6-4-13(C) (2004). The Attorney General alleged that Grand River owed approximately $327.37 to the State for the 19,540 Opal cigarettes Grace's Smoke Shop sold in 2005.

**{5}**    The Attorney General mailed Grand River a copy of the summons and complaint by certified mail. *See* Rule 1-004(N) NMRA (service of process on foreign corporations). Grand River did not respond to the Attorney General's complaint. The Attorney General subsequently sought and was granted a default judgment. Grand River then moved to set aside the default judgment, arguing that the judgment was void because the Attorney General failed to properly serve Grand River with process and because the district court lacked personal jurisdiction. Rule 1-060(B)(4) NMRA (providing that the court may relieve a party from a final judgment on the grounds that the judgment is void). The district court denied Grand River's motion. Grand River appeals.

**DISCUSSION**

**{6}**    Under Rule 1-060(B)(4), the district court is required to set aside a void judgment.

2

*Nesbit v. City of Albuquerque*, 1977-NMSC-017, ¶ 12, 91 N.M. 455, 575 P.2d 1340. In this case, Grand River argued that the default judgment was void because the district court lacked personal jurisdiction. *See Alvarez v. County of Bernalillo*, 1993-NMCA-034, ¶ 10, 115 N.M. 328, 850 P.2d 1031 (noting that a judgment entered against a party over whom the court lacks personal jurisdiction is a void judgment). The parties stipulated below that New Mexico does not have general personal jurisdiction over Grand River. *See Sproul v. Rob & Charlies, Inc.*, 2013-NMCA-072, ¶ 14, 304 P.3d 18 ("[T]he flow of a manufacturer's goods into the forum state alone does not create sufficient ties with that state to give it general jurisdiction over the manufacturer."). We therefore limit our analysis to the determination of whether New Mexico can exercise specific personal jurisdiction under the facts in this case. Because we conclude that New Mexico cannot exercise personal jurisdiction over Grand River in this case, we do not consider Grand River's additional argument that service of process was improper.

**Standard of Review**

**{7}**     Generally, we review a district court's denial of a motion to set aside a default judgment for abuse of discretion. *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 20, 105 N.M. 746, 737 P.2d 527. However, a district court has no discretion to refuse to set aside a void judgment under Rule 1-060(B)(4). *Chavez v. County of Valencia*, 1974-NMSC-035, ¶ 16, 86 N.M. 205, 521 P.2d 1154. "The determination of whether the district court has personal jurisdiction [over a nonresident defendant] is a question of law that we review de novo." *Sublett v. Wallin*, 2004-NMCA-089, ¶ 11, 136 N.M. 102, 94 P.3d 845. We review "the pleadings and affidavits . . . in the light most favorable to the party asserting jurisdiction." *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 12, 131 N.M. 772, 42 P.3d 1221 (internal quotation marks and citation omitted).

**Specific Personal Jurisdiction and the Stream of Commerce Theory**

**{8}**     The State asserted that personal jurisdiction existed pursuant to New Mexico's long-arm statute. NMSA 1978, § 38-1-16 (1971). Because we consider the long-arm statute "as being coextensive with the requirements of due process," we no longer require a determination that the defendant committed one of the acts enumerated by the statute but rather "undertake a single search for the outer limits of what due process permits." *M.R. v. SereniCare Funeral Home, L.L.C.*, 2013-NMCA-022, ¶ 8, 296 P.3d 492 (internal quotation marks and citation omitted), *cert. denied*, 2013-NMCERT-001, 299 P.3d 862. "Due process is satisfied only when a defendant has sufficient minimum contacts with the forum state so that the assertion of jurisdiction over the defendant will not violate traditional notions of fair play and substantial justice." *Sproul*, 2013-NMCA-072, ¶ 9 (internal quotation marks and citation omitted). The "minimum contacts" required to establish jurisdiction depend on "whether the jurisdiction asserted is general (all-purpose) or specific (case-linked)." *Id.* In the context of specific personal jurisdiction, the "central feature of minimum contacts . . . is the requirement of purposeful availment." *Id.* ¶ 16; *see also F.D.I.C. v. Hiatt*, 1994-NMSC-044, ¶ 8, 117 N.M. 461, 872 P.2d 879 ("[T]here [must] be some act by which the defendant

3

purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." (internal quotation marks and citation omitted)). Specific personal jurisdiction is "confined to adjudication of [the] issues deriving from, or connected with, the very controversy that establishes jurisdiction" and is "decided on a case-by-case basis." *Sproul*, 2013-NMCA-072, ¶ 17 (internal quotation marks and citation omitted).

**{9}** In some instances the "flow of a manufacturer's products into the forum state through the stream of commerce" constitutes purposeful availment and "may provide specific jurisdiction over a nonresident corporation." *Id.* Under this "stream of commerce" theory, "personal jurisdiction may exist over a nonresident defendant that 'delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate.' " *Id.* ¶ 20 (alterations in original) (emphasis omitted) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). Under our current framework, a showing that the manufacturer specifically directed its activities at the forum state or had actual knowledge that its product would ultimately be sold in the forum state is not required. *Sproul*, 2013-NMCA-072, ¶ 32. But the "mere foreseeability that a product may make its way into our state either by the act of a consumer or through a random or isolated sale is not enough to confer jurisdiction." *Id.* ¶ 25; *World-Wide Volkswagen*, 444 U.S. at 295 ("[F]oreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." (internal quotation marks and citation omitted)). Instead, there "must be some act purposefully directed at the forum state," *Sproul*, 2013-NMCA-072, ¶ 25, even if that act "arise[s] from the efforts of the [defendant] to serve directly or indirectly, the market for its product in other [s]tates." *SereniCare*, 2013-NMCA-022, ¶ 28 (alterations in original) (internal quotation marks and citation omitted).

**The District Court Lacked Specific Personal Jurisdiction**

**{10}** We briefly set out the sum of the State's allegations and evidence in support of its assertion that New Mexico could exercise personal jurisdiction over Grand River. In its complaint, the State alleged that Grand River "has contracted to either manufacture, sell, or profit from the sale of cigarettes" in New Mexico and has "maintain[ed] purposeful and continuous business interactions in this State by the ongoing sales of tobacco products." In its motion for default judgment, the State argued that the exercise of personal jurisdiction was proper because "[Grand River] has sold cigarettes to consumers in New Mexico . . . for pecuniary gain either directly or through distributors, retailers, or similar intermediary or intermediaries." The State attached to its motion Grace's Smoke Shop's "Reporting Form for Cigarette Sales of Non-Participating Manufacturer Brands" filed with the New Mexico Taxation and Revenue Department showing that Opal brand cigarettes were sold in its store. To the extent that these averments and the exhibit— when viewed in the light most favorable to jurisdiction—allege that Grand River "purposefully established contact with New Mexico," they could support a prima facie showing of personal jurisdiction. *Sproul*, 2013-NMCA-072, ¶ 16; *Zavala v. El Paso Cnty. Hosp. Dist.*, 2007-NMCA-149, ¶ 13, 143 N.M. 36, 172 P.3d 173.

**{11}** However, Grand River filed an affidavit by its president negating many of the State's averments. The affidavit stated that Grand River had never engaged in any business activity in New Mexico and that it never had any contractual relationship with either Snow Mountain Wholesale or Grace's Smoke Shop. The president's affidavit also stated that Grand River, including its cigarette manufacturing, operates exclusively on the Six Nation Indian Reserve in Canada and that it has not sold cigarettes at any place other than the Six Nation Indian Reserve. Furthermore, the State's only documentary evidence—the taxation form—establishes only that Grace's Smoke Shop purchased the cigarettes from Snow Mountain Wholesale but fails to establish any commercial relationship between Grand River and Grace's Smoke Shop or Snow Mountain Wholesale. The president's affidavit therefore negates the State's only averments and evidence that Grand River contracted to manufacture, sell, or profit from the sale of cigarettes in New Mexico through the use of a nationwide distribution chain. In the absence of such evidence, there is nothing to establish that Grand River placed its cigarettes into the national stream of commerce in expectation that the cigarettes would be purchased in New Mexico. *See Sproul*, 2013-NMCA-072, ¶¶ 20, 31. We therefore conclude that the district court lacked personal jurisdiction and that the default judgment is void and should be set aside. *See Hiatt*, 1994-NMSC-044, ¶¶ 1, 15 (holding that a default judgment was void and should be set aside where the district court lacked personal jurisdiction over the defendant).

**CONCLUSION**

**{12}** The default judgment of the district court is reversed and this matter is remanded for further proceedings consistent with this Opinion.

**{13}** **IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Judge**

**TIMOTHY L. GARCIA, Judge**

5