This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT and**
**AMY J. ARAGON,**

     Petitioners-Appellants,

v.                                       **No. 33,933**

**ANTHONY P. YSCO,**

     Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

New Mexico Human Services Department
Child Support Enforcement Division
Larry Heyeck, Deputy Director of Legal Services
Santa Fe, NM
Anthony C. Porter, Special Assistant Attorney General
Las Cruces, NM

for Appellants

Anthony Ysco
Arvada, CO

Pro Se Appellee

_____**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     In 1997 the district court entered a default judgment against Respondent Anthony Ysco and in favor of the State Human Services Department (the Department) pertaining to Respondent's parentage and child support obligations. In 2014 the district court entered an order containing findings of fact and conclusions of law, declaring the default judgment void for lack of personal jurisdiction. In that order, the district court also stated that the Department was precluded from re-filing its complaint to establish Respondent's paternity and child support obligation for the at issue child owing to the child's present age. The Department appealed from the district court's order. Respondent has not filed an answer brief on appeal.

{2}     We conclude that the default judgment was void for lack of personal jurisdiction, and we affirm the district court's order in that regard. We further conclude that the court's order prohibiting the Department from re-filing its complaint has no legal effect because the effect of declaring the default judgment void leaves the original case pending for a disposition on its merits. Accordingly, we remand for further proceedings.

**BACKGROUND**

{3}     Because this is a Memorandum Opinion we limit our background discussion to the factual and procedural history that is required to place our discussion in

2

context. As needed, additional background information is provided in the discussion section of this Opinion.

{4} In 1995 the Department filed a petition (hereafter, the complaint) to determine the parent and child relationship between Respondent and the then almost four-year-old child (Child). The Department alleged in the complaint that Respondent was Child's natural father and that he was responsible for past and future child support and related expenses. In 1997, after Respondent "failed to appear, answer or otherwise plead" in response to the complaint, the district court entered a default judgment adjudicating Respondent to be Child's father and ordering him to pay retroactive and continuing child support and related expenses.

{5} In 2014 Respondent filed a motion to set aside the 1997 default judgment and to order a paternity test. In his motion, Respondent claimed that he was never notified of the complaint or summons because they were served upon Respondent's uncle, who had "mental health issues" and had never lived with Respondent.

{6} After an evidentiary hearing, at which Respondent testified, the district court found the following. The return of service related to the complaint stated that a summons and complaint were served upon " 'Carlos Ysco (Brother).' " The return of service did not reflect the address at which Carlos Ysco was served. Nevertheless, the court found that the summons and complaint were delivered to Respondent's

3

grandmother's (Lucy Ysco's) house in Tucumcari, New Mexico. Carlos Ysco, who is Respondent's uncle, not his brother, and who has " 'mental issues[,]' " was visiting Lucy Ysco's house on the date of service, but he did not live there. Neither Lucy Ysco nor Carlos Ysco, the person who was actually served, ever informed Respondent of the service of the summons and complaint. Respondent never lived with Carlos Ysco.

{7} The district court further found that Respondent resided in Arizona at the time of service in 1995 and that he resided there for approximately a year or more. While he was living in Arizona, Respondent used Lucy Ysco's address as a mailing address, and he occasionally picked up his mail from there. Respondent was never served with a summons and complaint by mail, he never picked up the summons and complaint that was served upon Carlos Ysco, and he was never served with a summons and complaint at work or at his place of business in Arizona.

{8} Based on the foregoing findings, the district court concluded that Respondent had not received service of process as required by the version of Rule 1-004(F) NMRA that was in effect in 1995. The district court further concluded that, as a result of the improper service, the district court lacked personal jurisdiction over Respondent when it entered the 1997 default judgment thereby rendering the default judgment void pursuant to Rule 1-060(B)(4) NMRA. Finally the district court

4

concluded that the Department was statutorily barred from "re-fil[ing]" its action to establish paternity and to recover retroactive child support from Respondent because Child was twenty-three years old at the time that the court entered its order declaring the default judgment void. *See* NMSA 1978, § 40-11A-607(A) (2009, effective Jan. 1, 2010) ("Any proceeding to adjudicate child support shall be brought not later than three years after the child has reached the age of majority.").

{9}     On appeal, the Department argues that Respondent was lawfully and properly served in 1995 with the summons and complaint, and therefore, the district court erred in concluding that the 1997 default judgment was void. The Department also argues that if this Court affirms the district court's order declaring the 1997 default judgment void, we should reverse the district court's order to the extent that it precludes the Department from pursuing its original complaint against Respondent. According to the Department, the effect of declaring that judgment void is that the original complaint is "reactivated."

{10}     We agree with the district court's conclusion that the 1997 default judgment was void because Respondent was never properly served with the summons and complaint. We do not agree with the court's implicit determination that the Department would have to re-file its complaint against Respondent; rather, we

5

conclude that the effect of declaring the 1997 default judgment void leaves the original complaint pending for an adjudication on the merits.

**DISCUSSION**

**Standard of Review**

{11} "Proper service of process is required before a court can exercise jurisdiction over a [party]." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58, 193 P.3d 605. "[A] judgment entered against a party over whom the court lacks personal jurisdiction is a void judgment." *State ex rel. Office of Attorney Gen. v. Grand River Enters. Six Nations, Ltd.*, 2014-NMCA-073, ¶ 6, 329 P.3d 723. Whether the district court had personal jurisdiction over a party is a question of law that we review de novo. *Sublett v. Wallin*, 2004-NMCA-089, ¶ 11, 136 N.M. 102, 94 P.3d 845. Although we generally review a district court's decision on a motion to set aside a default judgment for an abuse of discretion, "a district court has no discretion to refuse to set aside a void judgment under Rule 1-060(B)(4)." *Grand River Enters.*, 2014-NMCA-073, ¶ 7.

**The Default Judgment Is Void as a Matter of Law**

{12} In 1995 the applicable version of Rule 1-004(F)(1) required service of process to be made upon an individual "by delivering a copy of the summons and of the complaint to the individual personally[.]" Rule 1-004(F)(1) (1987). If the individual was absent, Rule 1-004(F)(1) (1987) permitted service to be served upon "some

6

person residing at the usual place of abode of the defendant" and if no such person was available, it was permissible to serve the papers "by posting . . . copies in the most public part of the defendant's premises, and by mailing [them] to the defendant at his last known mailing address[.]" *Id.*

{13}    The Department argues that in 1995 Respondent was lawfully and properly served pursuant to Rule 1-004(F)(1) (1987) because a copy of the summons and complaint were delivered to "a person over [fifteen] years of age and present and/or residing at [Respondent's] usual place of abode." The Department does not challenge the district court's finding that Carlos Ysco did not reside at the place where the documents were delivered. The Department focuses its argument on its view that Lucy Ysco's house was Respondent's "usual place of abode."

{14}    The district court did not find or conclude that Lucy Ysco's house was not Respondent's "usual place of abode." To the contrary, the district court implicitly concluded that Lucy Ysco's home was Respondent's "usual place of abode" as reflected by its conclusion that Carlos Ysco "was not a member residing at *the usual place of abode*." (Emphasis added.) Thus, we assume without deciding that for the purpose of Rule 1-004(F)(1), Respondent's usual place of abode was Lucy Ysco's home.

{15} Instead of resting its conclusion on the issue of Respondent's place of abode, the district court concluded, in relevant part, that the 1995 service was inadequate because the complaint and summons were served upon Carlos Ysco who was not a resident of "the usual place of abode," that is, Lucy Ysco's home. The Department does not attack the district court's finding that Carlos Ysco did not reside at Lucy Ysco's home, and it is therefore conclusive. *See* Rule 12-213(A)(4) NMRA (stating that an appellant "shall set forth a specific attack on any finding, or such finding shall be deemed conclusive").

{16} The Department implies, but provides no authority in support of the implication, that service was proper upon Carlos Ysco because he was "present" at Lucy Ysco's home. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, the appellate courts may assume that no such authority exists). Rule 1-004(F)(1) (1987) does not support a conclusion that Carlos Ysco's mere presence at Respondent's usual place of abode permitted personal service upon Respondent. Rather, if Respondent was not present at the place of abode and no person over the age of fifteen who resided there was available to receive the service, the rule required the papers to be posted at the premises and mailed to his last known address. Rule 1-004(F)(1) (1987). The record does not reflect that the papers were posted, and the

8

Department does not attack the district court's finding that the complaint and summons were never mailed to Respondent. *See* Rule 12-213(A)(4) (stating that the district court's unattacked findings may be deemed conclusive).

{17}     In sum, the record fully supports the district court's conclusion that the 1995 service did not comport with the then applicable service of process rule. Accordingly, we affirm the district court's determination that the 1997 default judgment was void for lack of personal jurisdiction over Respondent. *Grand River Enters.*, 2014-NMCA-073, ¶ 6 ("[A] judgment entered against a party over whom the court lacks personal jurisdiction is a void judgment."); *Ortiz*, 2008-NMCA-136, ¶ 17 (stating that "[p]roper service of process is required before a court can exercise jurisdiction over a [party]").

**The Effect of Declaring the Default Judgment Void**

{18}     Having declared the 1997 default judgment void, the district court further concluded that the Department could not re-file its complaint against Respondent because Child was, by 2014, twenty-three years old. *See* § 40-11A-607(A) ("Any proceeding to adjudicate child support shall be brought not later than three years after the child has reached the age of majority."). This conclusion was presumably premised on an unstated, implicit conclusion that declaring the 1997 default judgment to be void effectively dismissed the complaint. The Department argues and we agree

9

that the effect of the district court's order declaring the 1997 default judgment void leaves the case pending. *See Albuquerque Prods. Credit Ass'n v. Martinez*, 1978-NMSC-003, ¶¶ 10-11, 91 N.M. 317, 573 P.2d 672 (recognizing that, when an order vacating a void judgment pursuant to Rule 1-060(B)(4) is entered, "the status of the case [is] as though no judgment [has] been entered" and it "leaves the case pending for a further determination" (internal quotation marks and citation omitted)). Accordingly, the Department need not re-file its complaint against Respondent; rather, the original action remains pending and should be disposed of on its merits. *Albuquerque Prods. Credit Ass'n*, 1978-NMSC-003, ¶ 12 (recognizing that "it is the policy of the law to dispose of actions on their merits").

**CONCLUSION**

{19}    We affirm the district court's determination that the 1997 default judgment was void for lack of personal jurisdiction. We remand for further proceedings in the district court.

{20}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

10

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**