This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR CENTURY HOME EQUITY LOAN TRUST 2005-2,**

Plaintiff-Appellant,

v.                                                      **NO. 34,727**

**COLETTE SLADE and CURTIS SLADE,**

Defendants-Appellees,

and

**DILCO, INC. d/b/a A & I WAREHOUSE; CLOVER, INC.; UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE; CAGO, INC.; and RESTORATION SOLUTIONS, LLC,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Lucinda R. Silva
Albuquerque, NM

for Appellant

Simon A. Kubiak, Attorney at Law, P.C.
Simon A. Kubiak
Albuquerque, NM

for Appellees

<b>MEMORANDUM OPINION</b>

**VANZI, Chief Judge.**

{1}     Plaintiff Deutsche Bank National Trust Company as Indenture Trustee for Century Home Equity Loan Trust 2005-2 (Deutsche Bank) appeals from an order of the district court dismissing its foreclosure complaint against Defendants Colette and Curtis Slade (the Slades); Dilco, Inc. d/b/a A & I Warehouse; Clover, Inc.; United States of America Department of Justice; Cago, Inc. (Cago); and Restoration Solutions, LLC. We conclude that the district court erred in dismissing the complaint and voiding the decree of foreclosure for lack of standing. Accordingly, we reverse.

**BACKGROUND**

{2}     Deutsche Bank sought foreclosure of the Slades' mortgage in September 2008. The foreclosure complaint included copies of the note and mortgage, naming New Century Mortgage Corporation (New Century) as the lender. The complaint alleged that "the [n]ote and [m]ortgage were assigned to [Deutsche Bank], and [Deutsche Bank] is the owner and holder in due course of said [n]ote and [m]ortgage." The note, however, showed no indorsement to Deutsche Bank from New Century, nor did it

contain an indorsement in blank. The Slades' pro se answer to the complaint did not raise standing, lack of jurisdiction, or any affirmative defenses.

**{3}** In November 2008 Deutsche Bank filed a motion for summary judgment. Only Cago filed a response, in which it did not oppose summary judgment. On January 9, 2009, the district court held a hearing on Deutsche Bank's motion for summary judgment, with Cago appearing by counsel and the Slades appearing in person and unrepresented. The issues of standing and jurisdiction were not raised during the hearing. Instead, the Slades requested time to hire an attorney. The district court held off on addressing the merits of the summary judgment motion, granted the Slades' request, and gave them four weeks to file a written response to Deutsche Bank's motion for summary judgment. The district court advised the Slades that it would grant summary judgment without any further hearing if no response was filed, either by them or by their attorney. On February 17, 2009, having received no written response from the Slades, the district court entered a stipulated summary and default judgment, decree of foreclosure, and appointment of special master in favor of Deutsche Bank. The mortgaged property was sold in August 2011, and the district court entered an order confirming the sale in June 2012. The Slades did not appeal from the foreclosure judgment and related orders.

**{4}** Almost two years after the district court entered the order confirming the sale, on April 7, 2014, the Slades filed a motion pursuant to Rule 1-060(B) NMRA to set

aside the judgment as void, based primarily on our Supreme Court's opinion in *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 1, 320 P.3d 1, *abrogation in part recognized by PNC Mortgage v. Romero*, 2016-NMCA-064, ¶ 19 n.3, 377 P.3d 461, which held that a foreclosure judgment was void for lack of subject matter jurisdiction when the plaintiff did not have standing to file the foreclosure complaint. After a hearing on the Slades' Rule 1-060(B) motion, the district court concluded in a memorandum opinion that Deutsche Bank failed to establish that it had standing at the time it filed suit. Consequently, relying on *Bank of New York*, the district court dismissed Deutsche Bank's foreclosure complaint for lack of jurisdiction and voided the decree of foreclosure and the subsequent sale of the mortgaged property.

**DISCUSSION**

{5}     Generally, we review a district court's grant or denial of relief under Rule 1-060(B) for an abuse of discretion. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 29, 128 N.M. 536, 994 P.2d 1154. "However, a district court has no discretion to refuse to set aside a void judgment under Rule 1-060(B)(4)." *State ex rel. Office of Att'y Gen. v. Grand River Enters. Six Nations, Ltd.*, 2014-NMCA-073, ¶ 7, 329 P.3d 723.

{6}     In *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, ¶¶ 9, 11, 13, 369 P.3d 1046, our Supreme Court clarified certain statements in *Romero* concerning the issue of standing and ultimately held that the issue of standing in mortgage foreclosure cases is not jurisdictional, but rather is prudential. As a

4

prudential matter, a standing issue in a foreclosure case may be raised any time "prior to the completion of a trial on the merits." *Johnston*, 2016-NMSC-013, ¶ 16. Although the *Johnston* Court ultimately held that the homeowner in that case did not waive the issue of standing because he raised it prior to trial, *id.* ¶ 17, the Court did clarify that "a final judgment on . . . an action to enforce a promissory note . . . is not voidable under Rule 1-060(B) due to a lack of prudential standing." *Johnston*, 2016-NMSC-013, ¶ 34.

{7}     Here, the Slades are attempting to attack the final judgment as void under Rule 1-060(B)(4) for lack of standing. This is exactly the type of attack that our Supreme Court expressly prohibited in *Johnston*. As a result, we must conclude that the Slades' motion to set aside the judgment as void for lack of standing—filed five years after entry of the foreclosure judgment, and where no previous challenge had been made as to Deutsche Bank's standing during active litigation prior to the final judgment—has no legal basis, and the Slades can find no relief in their Rule 1-060(B) motion.

**CONCLUSION**

{8}     For the foregoing reasons, the district court erred in dismissing Deutsche Bank's foreclosure complaint as void for lack of standing. Accordingly, we reverse.

{9}     **IT IS SO ORDERED.**

5

                      _____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**HENRY M. BOHNHOFF, Judge**