This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40879**

**JARROD LOWREY,**

Plaintiff-Appellant,

v.

**ERIC ANTHONY WIDEMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Karl W. Reifsteck, District Court Judge**

Jarrod Lowrey
Rio Rancho, NM

Pro Se Appellant

Eric Anthony Wideman
Albuquerque, NM

Pro Se Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from the district court's finding of facts and order of dismissal. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we respond to Plaintiff's attempts to degrade this Court in his memorandum in opposition. Specifically, Plaintiff states that this Court "only cherry[-]picks from the record[,]" accuses this Court of being "involved in a conspiracy to deny [Plaintiff] justice for the vicious defamation's [sic] made against him," and describes our

proposed analysis as "another attempt to absolve the [l]ower [c]ourt's three ring circus style of adjudicating cases against [Plaintiff]." [MIO 1-2] "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (citation omitted). These accusations would be unacceptable from any member of the bar and are likewise unacceptable from Plaintiff.

{3}    Plaintiff continues to challenge the district court's dismissal of his case. However, Plaintiff's memorandum in opposition provides no new facts or authority to demonstrate that the district court erred. We remind Plaintiff that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Plaintiff's conclusory arguments regarding our proposed analysis do not demonstrate that the district court erred. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alterations, internal quotation marks, and citation omitted)).

{4}    To the extent that Plaintiff continues to argue that the district court erred when it denied his motion for default judgment after Defendant failed to appear, we are unpersuaded. [MIO 2-4] Plaintiff asserts that "a litigant is due a default judgment when a defendant willfully fails to answer a complaint because it denies the movant the opportunity to further prove his case through cross[-]examination and discovery." [MIO 4] Our case law, however, recognizes that "[a] grant of default judgment or of a motion to set aside a default judgment rests within the sound discretion of the district court." *Gandara v. Gandara*, 2003-NMCA-036, ¶ 9, 133 N.M. 329, 62 P.3d 1211. "[B]ecause default judgments are generally disfavored, any doubts about whether relief should be granted are resolved in favor of the defaulting [party] and in the absence of a showing of prejudice to the plaintiff, causes should be tried upon the merits." *Id.* (alteration, internal quotation marks, and citation omitted). As discussed in our calendar notice, the district court determined that Plaintiff had not satisfied all of the elements required to prove his defamation claim. [CN 6-7] The district court had a particular concern with respect to the damages element, noting that Plaintiff needed to present evidence on damages. [CN 3-4] As such, Plaintiff's assertion that he was entitled to a default judgment because Defendant failed to appear is inadequate to show error. *See Deaton* 2004-NMCA-043, ¶ 31. In addition, Plaintiff has not pointed to any new facts to show that he did present adequate evidence on the damages element such that his case should not have been dismissed. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness in the district

court's ruling and hold the appellant to the burden of affirmatively demonstrating the claimed error).

{5}     Plaintiff also continues to assert that the district court exhibited bias against him as a self-represented litigant. [MIO 3-4] Plaintiff's assertions that the district court would not rule in his favor simply because he was self-represented without providing any citation to the record and without any authority to demonstrate that the district court erred are inadequate to show error on appeal. *See State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 (stating that adverse rulings or enforcement of the rules does not establish judicial bias); *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶¶ 414-29, 96 N.M. 155, 629 P.2d 23 (stating that a judge's in-court comments, criticisms of a party, or adverse rulings, alone, do not establish personal bias or prejudice or require judges to disqualify themselves).

{6}     Finally, Plaintiff continues to argue that the district court introduced its own controversies and acted "as de facto defense counselors for willfully non[]participating defendants." [MIO 3] In our calendar notice, we suggested that the district court questioned Plaintiff regarding whether Defendant had been properly served because a default judgment entered in the absence of proper service is invalid. *See Ortiz v. Shaw*, 2008-NMCA-136, ¶ 17, 145 N.M. 58, 193 P.3d 605. Plaintiff, however, has not clarified what controversies the district court raised on its own and does not dispute our understanding of the issue. *See Mondragon*, 1988-NMCA-027, ¶ 10. As such, Plaintiff's conclusory statement that the district court was acting as a "de facto defense counselor" without citation to the record is insufficient to demonstrate error. *Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

{7}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order of dismissal.

{8}     **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**